**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HERMAN JAMES HASSELL,

    Plaintiff,

v.                                          Case No. 3:12-cv-186-J-32PDB

TYLER STAFFORD, et al.,

    Defendants.

**ORDER**

**I. Status**

Plaintiff was a pretrial detainee at the Duval County Pretrial Detention Facility (PTDF) when he initiated this case by filing a pro se Civil Rights Complaint (Doc. #1). He is proceeding on a Third Amended Complaint (Doc. #54) (TAC), in which he names the following PTDF employees as Defendants: (1) Correctional Officer Tyler Stafford; (2) Sergeant Maceo Hunt; (3) Sergeant Patrick Johnson; (4) Lieutenant Steve Inman; (5) Lieutenant Clarence James; and (6) Captain Robin Sisak.[1]

This case is before the Court on Defendants Officer Tyler Stafford, Sergeant Maceo Hunt, Sergeant Patrick Johnson, Lieutenant Steve Inman, Lieutenant Clarence James, and Captain Robin Sisak's Motion for Summary Judgment (Doc. #79) (Motion for Summary Judgment). The Court advised Plaintiff of the provisions of Fed. R. Civ. P. 56 and gave him an opportunity to respond. See Order (Doc. #15) at 3-4; Order (Doc. #85). Plaintiff has

---

[1] Plaintiff identifies this Defendant as Robin Sisack; however, the record reflects that the correct spelling of this Defendant's surname is Sisak.

responded. See Plaintiff's Response to Defendants' Summary Judgment Motion (Doc. #81); Declaration in Opposition to Defendants' Motion for Summary Judgment (Doc. #82); Plaintiff's Statement of Disputed Factual Issues (Doc. #83); Plaintiff's Brief in Opposition to Defendants' Summary Judgment Motion (Doc. #84).[2]

## II. Summary Judgment Standard

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

> If the movant satisfies the burden of production showing that there is no genuine issue of fact, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008) (quotation omitted). [The Court] draw[s] "all factual inferences in a light most favorable to the non-moving party." Id.

Winborn v. Supreme Beverage Co. Inc., 572 F. App'x 672, 674 (11th Cir. 2014) (per curiam).

## III. Plaintiff's Pertinent Allegations

Plaintiff alleges the following facts in his TAC. On January 29, 2010, Plaintiff had a verbal dispute with a group of inmates who were stealing from the commissary and threatening other inmates. During this altercation, Defendant Stafford came into the area, dispersed the crowd, and locked down the dormitory. Shortly later, Defendant Stafford

---

[2] After Plaintiff responded to the Motion for Summary Judgment, the Court granted his Motion Requesting More Discovery (Doc. #76), see Order (Doc. #85), and gave him an opportunity to file a supplemental response to the Motion for Summary Judgment after engaging in additional discovery; however, he elected not to file a supplemental response.

2

spoke to the inmates with whom Plaintiff had the dispute. Thereafter, Defendant Stafford told Plaintiff he was being placed in administrative confinement for inciting a riot.

Plaintiff asserts that he never incited a riot, nor is there any evidence that he did so. Plaintiff contends that Defendant Stafford made a false report and placed Plaintiff in administrative confinement without any factual basis, without notice or a hearing, and without calling any witnesses. Thereafter, Defendant Hunt "just 'rubber stamped' the incident without properly investigating the allegations." TAC at 6B. Defendants Johnson, Inman, James and Sisak upheld the decision without any evidence to support it.

Plaintiff asserts that he was in administrative confinement for two years and nine months. While in administrative confinement, Plaintiff was confined in a constantly illuminated cell, which was approximately sixty square feet. For the first nine months, he was confined in the cell for twenty-three hours per day. For the next two years, he was kept in his cell twenty-four hours a day. He was deprived of most of his personal property. Additionally, he was not permitted to attend educational and vocational programs, associate with other inmates, engage in outdoor recreation, eat meals with other inmates, attend religious services or participate in rehabilitative programs.

Based upon these factual allegations, Plaintiff claims that the Defendants placed him in administrative confinement without due process of law. Plaintiff also contends that the Defendants' actions violated his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments. Id. at 5B. Plaintiff seeks declaratory judgment, compensatory and punitive damages, and "such other relief as it may appear that plaintiff is entitled." Id. at 7B.

## IV. Defendants' Motion for Summary Judgment

Defendants contend that they are entitled to summary judgment because none of them committed any constitutional violation against Plaintiff. Defendants have provided the following documents in support of their Motion for Summary Judgment. Tara Wildes, the Chief of the Prisons Division for the Jacksonville Sheriff's Office, submitted a sworn declaration which states:

> Jail records reveal that during his stay at the PTDF, Hassell was moved from the general population to administrative confinement, and from administrative confinement to isolation confinement.
>
> While in administrative confinement, inmate Hassell had access to visitation, the law library and religious services.
>
> As a policy matter, individual corrections officers are not authorized to move inmates from one classification category to another on their own authority alone.
>
> When inmate Hassell was moved from general population to administrative confinement in January, 2010[,] the decision to move him was not made by Officer Stafford.

Ex.[3] 2 at 1 (paragraph enumeration omitted).

Defendant Stafford also submitted a sworn declaration which states:

> During the time in question in this case, Plaintiff Hassell was an inmate at the PTDF.
>
> During an investigation of an incident that occurred at the PTDF on January 29, 2010[,] it came to my attention that inmate Hassell was involved in encouraging fights between inmates in order to start a "race war."

---

[3] The Court hereinafter refers to each exhibit appended to the Defendants' Motion for Summary Judgment as "Ex."

> I wrote and signed the Incident Report, attached as an exhibit to this declaration.
>
> When Hassell was moved, I was following instructions given by my chain of command.
>
> At that time, Plaintiff Hassell was moved at the PTDF from general population to administrative confinement for his safety and the safety and security of the institution.

Ex. 3 at 1 (paragraph enumeration omitted).

Attached to Defendant Stafford's declaration is the pertinent "Incident and/or Response to Resistance Report" completed by Defendant Stafford on February 3, 2010. The report describes how officers responded to a fight between inmates Shannon Kirk and Derrick Simmons on January 29, 2010. The report concludes:

> During the investigation of this incident it was discovered that inmate Hassell was the initiator of this incident and possibly more unknown incidents. Due to the nature of his involvement and his plans to cause racial tensions throughout the dorm/facility he was placed in Administrative confinement for his [safety] and the safety and security of the institution. Sgt. Hunt completed all of the necessary confinement paperwork . . . .

Id. at 4.

Defendant Hunt confirms that he signed the above-referenced report completed by Defendant Stafford. Ex. 4 at 1. The declaration of Defendant Hunt further states, in pertinent part, the following:

> During an investigation of an incident that occurred at the PTDF on January 29, 2010[,] it came to my attention that inmate Hassell was involved in encouraging fights between inmates in order to start a "race war."
>
> . . . .

5

> When Hassell was moved, I was following instructions given by my chain of command, as well as PTDF policies and procedures.
>
> At that time, Plaintiff Hassell was moved at the PTDF from general population to administrative confinement for his safety and the safety and security of the institution.

Id. (paragraph enumeration omitted).

Defendant Hunt also completed a Report of Confinement on January 29, 2010, a copy of which is appended to his declaration. It states that Plaintiff was given an "Administrative" security classification due to "Safety/Security" concerns. Id. at 5. It also identifies Plaintiff as a "Dorm predator." Id. The report notes that Plaintiff was "unable to cope in general population[,]" that he had been "moved several times due to involvement in various incidents[,]" and that he had been "sanctioning fights/attacks in dorms in hopes of starting a race riot." Id.

Defendant Johnson provided a sworn declaration in which he states that he served on the Security Committee at the PTDF at the time in question. Def. Ex. 5 at 1. "Members of the Committee met every week to discuss inmates who were in administrative or disciplinary confinement. The Committee discussed whether a given inmate should have his confinement status changed." Id. "Plaintiff Hassell's status was discussed many times during the time in question, but [Defendant Johnson] thought that he was not ready to be placed back in general population." Id. Plaintiff "was returned to general population in April, 2012." Id. Defendants Inman, James and Sisak also provided sworn declarations which mirror Defendant Johnson's declaration. See Def. Ex. 6-8. Additionally, Defendants provided prison records which reflect that administrative and disciplinary confinement review

6

meetings were held on a weekly basis. Ex. 9 at 28, 32, 34, 36, 38, 40, 42, 45, 47, 81, 83, 85, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 111, 113, 115, 117, 118, 122. He was released back into the general population in April, 2012. Ex. 5.

## V. Law and Conclusions

Plaintiff appears to be arguing that he should have been afforded the protections set forth in Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974) (holding that a prisoner had a protected liberty interest in statutory good time credits and therefore had a constitutional right to procedural due process in a disciplinary hearing[4]), before being placed in administrative confinement.

> The Supreme Court in Wolff outlined the specific hearing procedures that prison disciplinary panels must comply with to satisfy the standards of procedural due process in the prison setting. Id. at 556, 94 S.Ct. at 2975 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."). Wolff instructed that prisoners must receive: (1) advance written notice of the charges against them; (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action. Id. at 563-67, 94 S.Ct. at 2978-80.
>
> Similarly, in Superintendent v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), the Supreme Court . . . instructed that the revocation of good time credits only satisfies minimal standards of procedural due process if "the findings of the prison disciplinary board are supported by *some evidence* in the record." Id. at 454, 105 S.Ct. at 2773 (emphasis added).

---

[4] Of course, in this case, the unrebutted evidence shows that Plaintiff was not charged with any disciplinary infraction in connection with the events at issue.

> The Supreme Court also advised that "[a]scertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455, 105 S.Ct. at 2774.  According to the Supreme Court, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56, 105 S.Ct. at 2774 (emphasis added). Applying these rules, the Supreme Court determined that the complaining guard's oral testimony and written report were "sufficient to meet the requirements imposed by the Due Process Clause." Id. at 456, 105 S.Ct. at 2774.

O'Bryant v. Finch, 637 F.3d 1207, 1213-14 (11th Cir. 2011) (per curiam) (footnotes omitted).

In cases where an inmate is placed in confinement, a plaintiff can advance a liberty interest concerning the conditions of such confinement only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  "A prisoner's confinement in administrative segregation for non-punitive reasons does not implicate a liberty interest because such segregation falls within the ordinary terms of confinement." Bruce v. Gregory, No. 5:09-cv-433-Oc-10PRL, 2012 WL 5907058, at *4 (M.D. Fla., Nov. 26, 2012) (citing Sandin, 515 U.S. at 484).

> Addressing the issue of an inmate's confinement in administrative segregation, the Supreme Court has noted that "[i]t is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983), modified on other grounds by Sandin, 515 U.S. 472, 481, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (concluding that the focus of the liberty interest inquiry should be on the nature of the deprivation rather than on the language of the state prison regulation).  The Court has also cautioned, however, that "administrative segregation may not be

> used as a pretext for indefinite confinement of an inmate. Prison officials must engage in some sort of periodic review of the confinement of such inmates." Id. at 477 n. 9, 103 S.Ct. at 874 n. 9.

Al-Amin v. Donald, 165 F. App'x 733, 738-39 (11th Cir. 2006) (per curiam).

In this case, Plaintiff asserts in his TAC that Defendant Stafford maliciously placed Plaintiff in administrative confinement for no valid reason; however, Plaintiff admits in his deposition that he does not know whether Defendant Stafford was acting independently or as a result of a decision made at a higher level when he placed Plaintiff in administrative confinement. Ex. 1 at 14. Moreover, the record reflects that the decision to place Plaintiff in confinement for security reasons, not as punishment, was made by someone higher in the chain of command than Defendant Stafford.

With respect to Defendant Hunt, Plaintiff makes a conclusory allegation that he "rubber stamped," TAC at 6B, the decision to place Plaintiff in confinement without properly investigating the incident. However, Defendant Hunt has provided a sworn declaration stating that he investigated the incident and discovered Plaintiff was involved in encouraging fights between inmates. Defendant Hunt also asserts that he was following instructions from his superiors when Plaintiff was placed in administrative confinement. Thus, the unrebutted evidence demonstrates that Defendant Hunt did not "rubber-stamp" the decision to place Plaintiff in confinement because that decision was made by Defendant Hunt's superiors.

In sum, Plaintiff has failed to show any causal connection between any constitutional deprivation and the actions or omissions of Defendants Stafford and Hunt. Plaintiff has not provided this Court with any evidence to rebut the evidence submitted by the Defendants

that Plaintiff was placed in administrative confinement for security reasons, not as punishment, and such placement was directed by the superiors of Defendants Stafford and Hunt. Moreover, there was no need to afford Plaintiff the protections provided by Wolff since he was not placed in confinement for punitive reasons. There are no issues of material fact with respect to Plaintiff's claims against these two Defendants; therefore, summary judgment will be entered in their favor.

With respect to the remaining Defendants, Plaintiff merely alleges that the security team (Defendants Johnson, Inman, James and Sisak) upheld the decision to place Plaintiff in administrative confinement without evidence to support it. See TAC at 6B. However, the unrebutted evidence demonstrates that these four Defendants regularly reviewed the propriety of Plaintiff's continued detention in confinement, which is all that is constitutionally required. See Al-Amin v. Donald, 165 F. App'x 733 at 739.[5] Plaintiff has failed to show they violated his right to due process of law.[6] Accordingly, summary judgment will be entered in their favor.[7]

---

[5] On different facts, such as administrative confinement as a pretext for punishment, lack of meaningful and timely review of an inmate's status, or an unduly long period of administrative confinement, the due process calculus might be different.

[6] To the extent Plaintiff asserts that the Defendants violated his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments, none of his factual allegations would support such a finding. Moreover, there is simply no evidence that the named Defendants intended to punish Plaintiff by placing him in confinement.

[7] Defendants also contend that they are entitled to qualified immunity.

> "In analyzing the applicability of qualified immunity, the Court has at its disposal a two-step process. Traditionally, a court first determines whether the officer's conduct amounted to a

Therefore, it is now

**ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. #79) is **GRANTED,** and the Clerk shall enter judgment for the Defendants and against the Plaintiff.

2. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of February, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 1/14
c:
Herman J. Hassell
Counsel of Record

---

        constitutional violation. Second, the court analyzes whether the right violated was 'clearly established' at the time of the violation." Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1291 (11th Cir. 2009) (citations omitted), cert. denied, 559 U.S. 936, 130 S.Ct. 1503, 176 L.Ed.2d 109 (2010).

Davila v. Gladden, No. 13-10739, 2015 WL 127364, at *9 (11th Cir. Jan. 9, 2015). Here, the Court has found that the Defendants' conduct does not amount to a federal constitutional violation. Therefore, the Court need not address the second prong of the qualified immunity analysis.